**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 6, 2019
Date Decided: June 7, 2019

Joel Friedlander, Esquire
Jeffrey Gorris, Esquire
Cristopher Foulds, Esquire
Cristopher P. Quinn, Esquire
Friedlander & Gorris P.A.
1201 N. Market Street, Suite 2200
Wilmington, Delaware 19801

Robert S. Saunders, Esquire
Jennifer C. Voss, Esquire
Arthur R. Bookout, Esquire
Jessica R. Kunz, Esquire
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899

Re:   *The Chemours Co. v. DowDupont Inc., et al.*,
      C.A. No. 2019-0351-SG

Dear Counsel:

This matter is before me on a request by the Defendants for certification of

my Bench Ruling of May 23, 2019 for interlocutory appeal. In that Ruling, I found

that the parties had failed to comply with Court of Chancery Rule 5.1 in the redaction

of confidential information in the Complaint, and that, as a result, I would order the

Complaint to be made part of the public record. At Oral Argument preceding that

ruling, the Defendants argued that the entire Complaint was properly maintained as

confidential due to an agreement between the parties here, as part of an arbitration

provision in a contract that forms the basis, in part, for this suit. I rejected that argument. I committed, however, that I would not order release of the Complaint on the public docket pending resolution of an interlocutory appeal, if any.

At the same Oral Argument preceding the Ruling at issue, the Plaintiff took no position on continued confidential treatment. Counsel for the Plaintiff told me that "Chemours, plaintiff, has no commitment itself to the confidentiality of the documentation, but we do wish to be as cooperative, as I say, as we can be to DuPont and its counsel, to the extent that it wishes to maintain information that is confidential."[1] After the Defendants filed the Application for Certification, however, the Plaintiff indicated it wished to "respond," which it is entitled to do under Supreme Court Rule 42(c)(ii). I directed the Plaintiff to file its response by noon today.

At the end of the business day yesterday, June 6, I received a Motion for Confidential Treatment from the Plaintiff, seeking to file the Complaint under seal as an exhibit to its response to the Application for Certification. The Plaintiff's Motion is deficient under Court of Chancery Rule 5.1.[2] It does not indicate what

---

[1] May 23, 2019 Tel. Conf. Tr., at 7:18–22.

[2] *See* Ct. Ch. R. 5.1(b)(1) ("Except as otherwise provided in this Rule, a Document shall not receive Confidential Treatment unless the person seeking Confidential Treatment shall have first obtained an order of this Court specifying the information or categories of information for which good cause exists for Confidential Treatment ('Confidential Information'). A Document shall receive Confidential Treatment only if and to the extent that it contains Confidential Information."); Ct. Ch. R. 5.1(b)(3) ("The party . . . seeking to obtain . . . Confidential Treatment always bears the

material is subject to confidentiality in the Complaint, nor the proper purpose for which confidentiality is sought. The motion does indicate that "[i]nformation that may qualify for 'Confidential Treatment' under Rule 5.1 includes 'sensitive proprietary information [or] sensitive financial [or] business . . . information.'"[3] This is as true as it is unhelpful; the Motion does not certify that the Complaint contains such information, nor which of these categories, if any, are implicated.

Since the Plaintiff took no position on confidentiality at the oral argument leading to the ruling under appeal, and since the Defendants' position at oral argument was not directed to specific portions of the Complaint, it is difficult to comprehend the utility of the confidential filing of the Complaint as an exhibit. The Plaintiff's stated reason for filing the Complaint under seal is "to ensure that this Court and the Supreme Court have the Complaint as part of the record."[4] The unredacted Complaint is available to me, and will be available to the Supreme Court on appeal, should it accept the appeal. Given that fact, as well as the deficiencies in the Plaintiff's Motion, the Plaintiff's Motion for Confidential Treatment is denied.

---

burden of establishing good cause for Confidential Treatment . . . [and the party's] designation of material as Confidential Information constitutes a certification . . . that good cause exists . . . .").

[3] Pl.'s Mot. for Confidential Treatment of Ex. A to its Response to Defs.' Application for Certification of Interlocutory Appeal, ¶ 1 (internal citation omitted).

[4] *Id.*, ¶ 2.

I realize that Chemours is on a compressed schedule to file its Response, and that this decision may require editing of its Response. Accordingly, I am extending the time within which any Response may be filed to 3 p.m. today, EDT.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III